LANCE LAPOINT,

                                        Plaintiff,

          v.                                              5:15-CV-185
                                                          (MAD/ATB)
SGT. PETER VASILOFF, et al.,

                                        Defendants.

LANCE LAPOINT
Plaintiff, pro se

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court a civil rights complaint, together with an application to proceed in forma pauperis ("IFP"), filed by pro se plaintiff, Lance LaPoint. (Dkt. Nos. 1, 2).

## I.    IFP Application

A review of plaintiff's IFP application shows that he declares he is unable to pay the filing fee. (Dkt. No. 2). This court agrees, and finds that plaintiff is financially eligible for IFP status.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether

the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II.    Complaint

In this civil right complaint, plaintiff alleges that on February 25, 2012, he "hopped a train" at the train yard in Syracuse, New York in order to "catch a ride to Rosie O'Grady's." (Complaint ("Compl.") at CM/ECF p.3). Plaintiff alleges that the

train operator told him to get off the train, and as he was passing through the engine area on his way off of the train, he "proceeded to blow the whistle." (*Id.*) Plaintiff noticed flashlights coming toward him, and he opened the door to "allow the police officers to come in." He immediately put his hands up to show that he was cooperating. (*Id.*)

Plaintiff states that while one of the officers was shining his flashlight directly into plaintiff's face so that he could not see, he was suddenly struck in the face with "something very hard." (*Id.*) Plaintiff states that his "eyes went blurry," and he fell to the floor. While plaintiff was on the floor, the officers repeatedly struck him around the head and face as he was trying to cover his face to prevent further injury. Plaintiff was then handcuffed, picked up, pushed down the train ladder, and dragged to the police car. Plaintiff states that he was in a lot of pain and bleeding from his mouth and face. (*Id.*)

Plaintiff states that he was taken to the Onondaga County Justice Center ("OCJC") and "thrown" into a cell. Plaintiff states that when he was placed in the cell, he put his head over the sink to catch the blood, and he begged to be taken to the hospital. Plaintiff claims that he was told to put his head back over the sink, or he would be "mopping it up." (*Id.*) Plaintiff states that over the next two days, he was suffering incredible pain and "going in and out of consciousness." Even though he continued to "beg" to be taken to the hospital, he was denied medical attention for over forty-eight hours before "they" finally took him to Upstate Hospital, where it was determined that he had suffered a concussion, multiple fractures of his face and skull,

deep lacerations, and loss of teeth. Plaintiff states that these injuries resulted in pain, suffering, facial disfigurement, and permanent damage.

Plaintiff's causes of action include excessive force and a failure to provide proper medical care. Plaintiff seeks substantial monetary damages.

## III. Police Departments

### A. Legal Standards

Departments that are merely administrative arms of a municipality do not have a legal identity separate from the municipality and may not sue or be sued. *Rose v. County of Nassau*, 904 F. Supp. 2d 244, 247 (E.D.N.Y. Nov. 9, 2012) (citing *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) (dismissing claim against the police department); *Polite v. Town of Clarkstown*, 60 F. Supp. 2d 214, 216 (S.D.N.Y. 1999) (same); *Umhey v. County of Orange*, 957 F. Supp. 525, 530–31 (S.D.N.Y. 1997) (dismissing case against the County Board of Ethics); *Wilson v. City of New York*, 800 F. Supp. 1098, 1101 (E.D.N.Y. 1992) (dismissing against police department). Therefore, claims asserted under 42 U.S.C. § 1983 will be dismissed against an administrative department or sub-division of a municipality or county. *Id*. *See also Baker v. Willett*, 42 F. Supp. 2d 192, 198 (N.D.N.Y.1999) (because the county sheriff's office was an administrative arm of the county, it was not the appropriate party in a section 1983 action)).

### B. Application

In this case, plaintiff has included both the East Syracuse Police Department and the Onondaga County Sheriff's Office as defendants. Neither of these defendants may

be sued separately from the municipality under section 1983. This court will recommend dismissing the East Syracuse Police Department. However, rather than recommending dismissal as against the Onondaga County Sheriff's Office as an entity, the court will interpret plaintiff's complaint liberally to name Onondaga County as discussed below.

## IV. **Municipality**

### A. **Legal Standards**

A municipality itself may be named as a defendant in certain circumstances. In *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), the Supreme Court outlined the limited circumstances under which a municipality may be liable under Section 1983. Only when the municipality, through the execution of its policies, actually deprives an individual of his constitutional rights, is it liable for the injury. *Id.* at 694. To establish municipal liability, the policy must actually cause the violation of constitutional rights; it must be the moving force behind the violation. *Id.*; *Dominguez v. Beame*, 603 F.2d 337, 341 (2d Cir. 1979).

The Sheriff or other police officer may be sued in his individual capacity or in his official capacity. A section 1983 action against municipal officers in their official capacities is treated as an action against the municipality itself. *Coon v. Town of Springfield*, 404 F.3d 683, 687 (2d Cir. 2005) (citing *Brandon v. Holt*, 469 U.S. 464, 471-73 (1985)).

### B. **Application**

Plaintiff has named the Village of East Syracuse as a separate defendant, and he

5

has also named two East Syracuse Police Officers[1] in their individual and official capacities. Plaintiff's action may proceed as against the Village of East Syracuse, although plaintiff will ultimately have to show that he was injured as a result of a Village policy. The court notes that he has not done so in his complaint, but the court will not recommend dismissal at this time because plaintiff may be able to amend his complaint to allege the proper facts against the Village of East Syracuse.

## V.   "John Doe" Defendants

Plaintiff has named three "John Doe" defendants. These may be the individuals who were responsible for denying plaintiff the proper medical care, although it is completely unclear from the narrative portion of the complaint.[2] The list of defendants in the "Parties" section of the complaint form states that all three John Does are officers who work for Onondaga County.

Plaintiff is advised that the United States Marshal cannot effect service of process on a "John or Jane Doe" defendant. In order for plaintiff to pursue his claims against these John Doe defendants, plaintiff must ascertain their identities. Generally, this is accomplished through discovery. However, in this case, there is no named individual who works for Onondaga County, and as stated above, plaintiff cannot sue

---

[1] This court notes that the two named officers are both East Syracuse Police Officers based upon their titles and the address that plaintiff has listed for them in the "Parties" section of the complaint form.

[2] Plaintiff is reminded that personal involvement is required for the assessment of damages in a section 1983 action, and respondeat superior is an inappropriate theory of liability. *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citation omitted); *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003). When and if plaintiff identifies the individuals that he has listed as John Does, and he attempts to amend his complaint, he must also specify what actions were taken by each of the John Does that allegedly violated plaintiff's constitutional rights.

the Sheriff's Department.

Giving due deference to plaintiff's status as a pro se litigant,[3] the Court will interpret the complaint as naming Onondaga County and direct the Clerk to substitute Onondaga County as a named defendant in place of the Sheriff's Office, so that service may proceed and a response filed. Once the County files an answer, plaintiff may seek to determine the identity of one or more of the John Doe defendants through discovery. Accordingly, the Clerk of the Court will be directed to substitute Onondaga County as a defendant in place of the Onondaga County Sheriff's Department. By doing so, the Court does not suggest in any way that the municipality will be liable. Further, because the Court finds that Onondaga County will be represented by the Onondaga County Attorney's Office, the Court will direct the Clerk of the Court to send a copy of the complaint and this Order and Report-Recommendation to the Onondaga County Attorney's Office.

WHEREFORE, based on the above, it is

ORDERED, that plaintiff's motion to proceed IFP (Dkt. No. 2) is GRANTED,[4] and it is

RECOMMENDED, that the complaint be DISMISSED AS AGAINST THE EAST SYRACUSE POLICE DEPARTMENT and it is

ORDERED, that ONONDAGA COUNTY be substituted as a defendant in

---

[3] *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (pro se papers are interpreted liberally to raise the strongest arguments suggested therein).

[4] Plaintiff should note that although his application to proceed *in forma pauperis* has been granted, he will still be required to pay other fees that he may incur in this action, including copying and/or witness fees.

place of the Onondaga County Sheriff's Office, for the purposes described above, and it is

ORDERED, that The Clerk shall issue summonses and forward them, along with copies of the complaint, to the United States Marshal for service only upon Sgt. Peter Vasiloff; Officer Dale Barhite, the Village of East Syracuse; and Onondaga County. The Clerk shall forward a copy of the summons and complaint to the Office of the County Attorney of Onondaga County, together with a copy of this Order and Report-Recommendation, and it is

ORDERED, that a response to the complaint be filed by defendants or their counsel as provided for in the Federal Rules of Civil Procedure after service of process on the defendants, and it is

ORDERED, that all pleadings, motions and other documents relating to this action shall bear the number assigned to this case and shall be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was mailed to all opposing parties or their counsel. Any document received by the Clerk or the Court which does not include a proper certificate of service will be returned, without processing.** Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions, which must be returnable before the assigned

Magistrate Judge with proper allowance for notice as required by the Rules.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in plaintiff's address; his failure to do so will result in the dismissal of this action.**  All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court, and it is

ORDERED, after the complaint is served, plaintiff take reasonable steps to ascertain the identity of the "John and Jane Doe" defendants, and then seek to amend the complaint to add the individuals as defendants in this action pursuant to FED. R. CIV. P. 15(a), and it is

ORDERED, that the Clerk serve a copy of this Order and Report-Recommendation on plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the recommended dismissal above.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: March 3, 2015

Hon. Andrew T. Baxter
U.S. Magistrate Judge