**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

LANCE LAPOINT,

                                **Plaintiff,**

  vs.                                                                   5:15-cv-00185
                                                                              (MAD/ATB)

**SGT. PETER VASILOFF, individually and
in his official capacity, OFFICER DALE
BARHITE, individually and in his official
capacity, EAST SYRACUSE POLICE
DEPARTMENT, VILLAGE OF EAST
SYRACUSE, ONONDAGA COUNTY,
and JOHN DOES #1, 2, and 3,**

                                **Defendants.**
_____

**APPEARANCES:**                                   **OF COUNSEL:**

**LANCE LAPOINT**
215 Edgemere Road
Syracuse, New York 13208
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

     On February 19, 2015, Plaintiff commenced this action *pro se* pursuant to 42 U.S.C. § 1983. *See* Dkt. No. 1. Plaintiff alleges that Defendants violated his constitutional rights by using excessive force in the course of arresting him for "hopp[ing] a train" and by failing to provide adequate medical care for his resulting injuries. *See id.* at 2-3.

     In an Order and Report-Recommendation dated March 3, 2015, Magistrate Judge Andrew T. Baxter granted Plaintiff's *in forma pauperis* ("IFP") application. Dkt. No. 4 at 1. Magistrate Judge Baxter also directed the Clerk of the Court to substitute Onondaga County as a defendant in

place of the Onondaga County Sheriff's Department. *See id.* at 6-7.  Additionally, Magistrate Judge Baxter recommended that Plaintiff's complaint be dismissed as against the East Syracuse Police Department. *Id.* at 4-6.  Plaintiff has not objected to the Order and Report-Recommendation.

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *See Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (citation omitted).  When a party fails to make specific objections, the court reviews the magistrate judge's report for clear error. *See id.* at 306; *see also Gamble v. Barnhart*, No. 02CV1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004) (citations omitted).  Failure to object timely to any portion of a magistrate judge's report operates as a waiver of further judicial review of those matters. *See Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir. 1993) (quoting *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)).

When a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  In making this determination, "the court has the duty to show liberality towards *pro se* litigants," however, "there is a responsibility on the court to determine that a claim has some arguable basis in law before permitting a plaintiff to proceed with an action in forma pauperis." *Moreman v. Douglas*, 848 F. Supp. 332, 333-34 (N.D.N.Y. 1994) (internal citations omitted).  "[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v.*

*Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted).

Applying the above standards, Magistrate Judge Baxter liberally construed Plaintiff's complaint as stating claims against the defendant municipalities on the theory of municipality liability set forth by the Supreme Court in *Monell v. Department of Social Services*, 436 U.S. 658 (1978), in addition to the individual defendants. Furthermore, Magistrate Judge Baxter correctly determined that the East Syracuse Police Department, an administrative arm of Defendant Village of East Syracuse, is not subject to suit separate from the municipality itself. The Court therefore finds that Magistrate Judge Baxter correctly determined that Plaintiff's complaint should be dismissed solely as to the East Syracuse Police Department.

After carefully reviewing Magistrate Judge Baxter's Report-Recommendation, Plaintiff's submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Baxter's Order and Report-Recommendation (Dkt. No. 4) is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED as against the East Syracuse Police Department only**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 2, 2015
       Albany, New York

Mae A. D'Agostino
U.S. District Judge