**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**LANCE LAPOINT,**

                              **Plaintiff,**

  vs.                                                      1:15-cv-185
                                                                  (MAD/ATB)

**SGT. PETER VASILOFF, individually**
**and in his official capacity, OFFICER DALE**
**BARHITE, individually and in his official**
**capacity, EAST SYRACUSE POLICE**
**DEPARTMENT, VILLAGE OF EAST**
**SYRACUSE, ONONDAGA COUNTY,**
**and JOHN DOES #1, 2, and 3.**
                              **Defendants.**
_____

**APPEARANCES:**                                  **OF COUNSEL:**

**LANCE LAPOINT**
215 Edgemere Road
Syracuse, New York 13208
Plaintiff _pro se_

**ONONDAGA COUNTY**                      **KAREN ANN BLESKOSKI, ESQ.**
**ATTORNEY'S OFFICE**
John H. Mulroy Civic Center
421 Montgomery Street
Syracuse, New York 13202
Attorneys for the County Defendants

**OFFICE OF FRANK W. MILLER**         **FRANK W. MILLER, ESQ.**
6575 Kirkville Road                            **CHARLES C. SPAGNOLI, ESQ.**
East Syracuse, New York 13057
Attorneys for the Village Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      On February 19, 2015, Plaintiff Lance LaPoint ("Plaintiff") commenced this action _pro se_

pursuant to 42 U.S.C. § 1983 against Sergeant Peter Vasiloff ("Vasiloff"), the East Syracuse Police Department, the Village of East Syracuse ("Village"), Onondaga County ("County"), unidentified "John Doe" Defendants, and Office Dale Barhite, asserting that Defendants violated his constitutional rights by using excessive force and assaulting, beating and battering him, and that Onondaga County and its officers failed to provide adequate medical care for his resulting injuries. Dkt. No. 1 at 3-4; Dkt. No. 53. Plaintiff seeks punitive and compensatory damages in the amount of $500,000. Dkt. No. 1 at 4.

Currently before the Court are Defendants' motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, as well as the County's cross-claim against Barhite, Vasiloff, and the Village, and the Village's cross-claim against the County. *See* Dkt. Nos. 12, 17, 22, 24.

## II. BACKGROUND

The incident giving rise to these claims occurred on or about February 25, 2012, when the Plaintiff "hopped a train" at a train yard in Syracuse. Dkt. No. 1 at 3. After the conductor told the Plaintiff to exit the train, Plaintiff passed through the engine area and noticed flashing lights coming toward him. *Id.* According to Plaintiff, he opened the door to the engine area to allow police officers to come through, and "immediately put [his] hands up to show [he] was cooperating." *See id.* Plaintiff alleges that an officer struck Plaintiff in the face with a large object while shining the flashlight directly in Plaintiff's eyes, temporarily blinding him. Plaintiff fell to the floor and alleges that the officers repeatedly struck him "in and about the head and face." *Id.* Thereafter Plaintiff was picked up, pushed down the train ladder, and dragged to the police car. At this time, Plaintiff alleges that he was "in a lot of pain" and bleeding. *Id.*

Plaintiff was taken to the Onondaga County Justice Center, where he was placed in a cell. Plaintiff alleges that he put his head over a sink to catch the blood and begged to be taken to the hospital, but was told to "put [his] head back in the sink or [he] was going to be mopping it up." *Id.* Over the course of two days, Plaintiff claims that he was suffering from "incredible" pain and going in and out of consciousness, and continued asking to be brought to a hospital. *Id.* Plaintiff was allegedly taken to a hospital over forty-eight hours later. Plaintiff was subsequently diagnosed with a concussion, multiple fractures of his face and skull, deep lacerations and knocked out teeth, and claims that his injuries resulted in pain, suffering, facial disfigurement and permanent damage. *Id.* Plaintiff's complaint refers to the individuals allegedly responsible for his allegations as "police officers," "officers," and "them," but contains no further information regarding the identity or specific actions taken by the officers named as Defendants or listed as John Doe Defendants in this case. *See id.*

In an Order, Report and Recommendation dated March 3, 2012, Magistrate Judge Baxter granted Plaintiff's request to proceed in forma pauperis. In regard to Plaintiff's John Doe Defendants, Magistrate Judge Baxter ordered that "after the complaint is served, plaintiff take reasonable steps to ascertain the identity of the 'John and Jane Doe' defendants, and then seek to amend the complaint to add the individuals as defendants." *See* Dkt. No. 4 at 9. In an Order dated April 2, 2015, this Court adopted Magistrate Judge Baxter's Order, Report and Recommendation in its entirety and dismissed Plaintiff's complaint as against the East Syracuse Police Department. Dkt. No. 11. On April 8, 2015, the County filed cross-claims against Barhite, Vasiloff and the Village for contribution, indemnification and apportionment of liability. *See* Dkt. No. 12. Thereafter, the Village asserted cross-claims against the County on the same grounds. Dkt. No. 17. Service was attempted by the United States Marshal on Officers Barhite and Vasiloff but the

acknowledgment of receipt of summons and complaint by mail was not returned. Dkt. No. 30.

The Village and County moved for judgment on the pleadings on April 20, 2015 and April 28, 2015, respectively. Dkt. Nos. 22, 24. Plaintiff secured counsel on May 4, 2015, who proceeded to request three additional extensions of time to respond to Defendants' motions and secure new counsel for the Plaintiff, citing conflicts of interest. *See* Dkt. Nos. 32, 39, 44. The Court granted two additional extensions of time and issued a deadline for Plaintiff to find new counsel by August 14, 2015 and to respond to the motions by August 24, 2015. *See* Dkt. No. 43. After counsel's motion to withdraw and request for a third extension of time, the Court issued the following text order granting the request to withdraw:

> In light of the lengthy extension already granted, the Court will grant Plaintiff one final extension of thirty (30) days from the date of this Text Order to respond to the motion for judgment on the pleadings. Plaintiff's response to the pending motion is due regardless of whether he is able to find new counsel.

Dkt. No. 47. After the issuance of this order, Plaintiff personally submitted a letter requesting another extension. Dkt. No. 48. The Court ordered Plaintiff to respond to the Defendants' motions for judgment on the pleadings by November 12, 2015, and noted that Plaintiff's failure to respond would result in dismissal of his case with prejudice. On November 12, 2015, Plaintiff filed an affidavit in opposition to Defendants' motions, alleging the following: (1) Vasiloff's history of misconduct and continued employment by the village amounts to a municipal policy or custom; (2) a notice of claim was never filed with either the Village or the County; (3) Plaintiff was the victim of excessive force by Vasiloff and Barhite, who were both present at the incident; and (4) the County is only liable for its failure to provide adequate medical care to the Plaintiff. *See* Dkt. No. 53.

# III. DISCUSSION

**A.     Standard of Review for Motion for Judgment on the Pleadings**

Rule 12(c) of the Federal Rules of Civil Procedure provides that "after the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  When a party makes a Rule 12(c) motion, the court applies the same standard as when a party files a Rule 12(b)(6) motion.  *See Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010) (citation omitted).

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief.  *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted).  In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor.  *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted).  This presumption of truth, however, does not extend to legal conclusions.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading.  *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief

above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed[,]" *id.* at 570.

When a party proceeds *pro se*, the court must liberally construe his pleadings, holding them to a standard less stringent than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). If a *pro se* plaintiff's complaint alleges civil rights violations, the court must construe his pleadings with "particular generosity." *Davis v. Goord*, 320 F.3d 346, 350 (2d Cir. 2003) (quoting *Morales v. Mackalm*, 278 F.3d 126, 131 (2d Cir. 2002)). Further, when a *pro se* plaintiff faces a motion to dismiss, the court may consider "materials outside the complaint to the extent they are consistent with the allegations in the complaint." *Donhauser v. Goord*, 314 F. Supp. 2d 119, 121 (N.D.N.Y. 2004).

**B.     The Village's July 6, 2015 Letter Motion**

In a letter dated July 6, 2015, the Village states that, despite being granted several extensions, Plaintiff failed to respond to its pending motion for judgment on the pleadings. *See* Dkt. No. 37 at 1. In light of this failure, the Village argues that "his claims [should] be dismissed based on the default." *Id.* Pursuant to Rule 55 of the Federal Rules of Civil Procedure, a default judgment can be entered against a party who fails to "plead or otherwise defend" when "that

failure is shown by affidavit[.]" The Local Rules of the Northern District of New York provide additional requirements for parties seeking default judgment, none of which have been satisfied. *See* L.R.N.D.N.Y. 55.2. As such, the Village motion for "default" is denied.

In that same letter, counsel for the Village also indicates that they represent Sgt. Vasiloff and Officer Barhite and claims that these individuals have never been served in this matter. *See* Dkt. No. 37 at 2. As such, the Village requests that the claims against them "be dismissed for failure to effect timely service." Again, this request fails to comply with the requirements of the Federal and Local Rules for a Rule 12(b) motion to dismiss for failure to effect service. *See* L.R.N.D.N.Y. 7.1(a). Accordingly, the Court denies the Village's letter motion on this ground.

**C.     Plaintiff's State Law Claims**

To the extent that Plaintiff's complaint alleges state tort claims for excessive force, assault, and failure to provide adequate medical attention, Defendants contend that Plaintiff's claims should be dismissed as barred by the applicable statute of limitations. *See* Dkt. No. 22 at 8; Dkt. No. 24 at 11.

The statute of limitations for any state claims for tortious conduct, including assault, battery and failure to provide adequate medical care is one year and ninety days pursuant to New York General Municipal Law § 50-i. According to Plaintiff's complaint, the alleged conduct of assault and battery took place on or about February 25, 2012, and the failure to provide medical care occurred over the course of the following two days while Plaintiff was held at the Justice Center. Plaintiff filed his complaint on February 19, 2015, nearly three years after the alleged conduct took place and after the statute of limitations had expired.

Additionally, Defendants also allege that Plaintiff failed to serve a verified notice of claim against the Village and County. *See* Dkt. No. 22 at 7; Dkt. No. 24 at 11. Plaintiff concedes that

7

he did not file a notice of claim with the Village or the County. *See* Dkt. No. 53. In New York, a notice of claim is a condition precedent to filing a tort claim against a city or county and against officers acting within the scope of their employment. *See* N.Y. Gen. Mun. §§ 50-e, 50-i; *see also Chamberlain v. City of White Plains*, 986 F. Supp. 2d 363, 396 (S.D.N.Y. 2013); *LaGrange v. Ryan*, 142 F. Supp. 2d 287, 295 (N.D.N.Y. 2001). Failure to comply with these requirements "ordinarily requires a dismissal for failure to state a cause of action" unless the action is brought in the public interest, or the court has granted leave for the filing of a late notice. *See Hardy v. New York City Health & Hosp. Corp.*, 164 F.3d 789, 793-94 (2d Cir. 1999).

In light of Plaintiff's acknowledgment that he failed to comply with the Notice of Claim requirements, and that Plaintiff's private civil rights action for recovery of personal injuries and damages is not within the public interest, the Court grants Defendants' motions insofar as they seek the dismissal of Plaintiff's state tort claims. *See Hennenberger v. Cty. of Nassau*, 465 F. Supp. 2d 176, 199 (E.D.N.Y. 2006) (dismissing the plaintiff's state law claims for failure to file a timely notice of claim); *see also Atkins v. Cty. of Orange*, 251 F. Supp. 2d 1225, 1235 (S.D.N.Y. 2003) ("[T]he public interest exception does not apply when plaintiffs are seeking money damages for the sole purpose of redressing plaintiffs' individual injuries").

Based on the foregoing, Plaintiff's state law claims for assault, battery and the failure to provide medical care are dismissed.[1]

---

[1] The Village also asserts that any state-law excessive force claim made by Plaintiff should be dismissed because Section 1983 provides a remedy for the use of excessive force. As Plaintiff's separate causes of action are all based on the same allegations within his complaint, the Court agrees with the Village's assertions to the extent that Plaintiff's second cause of action is intended as a state law claim under the provisions of the New York State Constitution, and finds that any such claim should, therefore, be dismissed. *See Krug v. Cty. of Rensselaer*, 559 F. Supp. 2d at 223, 248 (N.D.N.Y. 2008) ("[V]arious federal courts in this circuit have held that there is no private right of action under the New York State Constitution ... where remedies are available

(continued...)

**D.     Plaintiff's 42 U.S.C. § 1983 Claims**

*1. 42 U.S.C. § 1983*

Section 1983 provides plaintiffs with a cause of action against government officials who, acting under the color of government authority, have subjected a plaintiff to "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983; *see also Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 250 (2d Cir. 2001). Section 1983 is "not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Albright v.* Oliver, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 145 n.3 (1979)). To establish a Section 1983 claim, a plaintiff must demonstrate two elements: "(1) 'the act complained of was committed by a person acting under color of state law'; and (2) 'this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Greenwich Citizens Comm. v. Counties of Warren & Washington Indus. Dev. Agency*, 77 F.3d 26, 29-30 (2d Cir. 1996) (quoting *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)).

*2. Plaintiff's claims against the John Doe Defendants*

Plaintiff's complaint names three John Doe Defendants who are identified only as deputies at the Onondaga County Sheriff's Department. In an affidavit submitted to the Court on November 12, 2015, Plaintiff clarified that he does "not contest that the County or its officers used excessive force, only that they failed to provide me with adequate medical attention once I was delivered to the Justice Center." *See* Dkt. No. 53. Therefore, the Court's analysis of the

---

[1](...continued)
under §1983") (quoting *Clayton v. City of Poughkeepsie*, No. 06 Civ. 4881, 2007 WL 2154196, at *7 (S.D.N.Y. June 21, 2007)) (internal quotations omitted).

factual allegations within the complaint will be limited to the John Doe Defendants' liability in Plaintiff's claim for the failure to provide adequate medical care.

Section 1983 imposes liability for "conduct which 'subjects, or causes to be subjected' the complainant to a deprivation of a right secured by the Constitution and laws." *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976) (quoting 42 U.S.C. § 1983). Not only must the conduct deprive the plaintiff of rights and privileges secured by the Constitution, but the actions or omissions attributable to each defendant must be the proximate cause of the injuries and consequent damages that the plaintiff sustained. *See Brown v. Coughlin*, 758 F. Supp. 876, 881 (S.D.N.Y. 1991) (citing *Martinez v. California*, 444 U.S. 277, 100 S. Ct. 553, 62 L. Ed. 2d 481, *reh. denied*, 445 U.S. 920, 100 S. Ct. 1285, 63 L. Ed. 2d 606 (1980)). As such, for a plaintiff to recover in a Section 1983 action, he must establish a causal connection between the acts or omissions of each defendant and any injury or damages he suffered as a result of those acts or omissions. *See id.* (citing *Givhan v. Western Line Consolidated School District*, 439 U.S. 410, 99 S. Ct. 693, 58 L. Ed. 2d 619 (1979)) (other citation omitted).

Under Rule 8(a) of the Federal Rules of Civil Procedure, courts generally require plaintiffs to "allege specific facts that would aid in identifying the defendant and thereby allow defendants to prepare a defense." *See Ritchie v. Northern Leasing Sys., Inc.*, 14 F. Supp. 3d 229, 237 (S.D.N.Y. 2014). Further, complaints by *pro se* plaintiffs, though liberally construed by the court, "must contain at least 'some minimum level of factual support for their claims.'" *See Barreto v. Cty. of Suffolk*, 762 F. Supp. 2d 482, 487 (E.D.N.Y. 2010) (quoting *Megna v.United States Dep't of the Navy*, 317 F. Supp. 2d 191, 192 (E.D.N.Y. 2004)).

In the context of Section 1983 claims, the plaintiff must "name as proper defendants those individuals who have some personal involvement" so as to satisfy the requirements of Rule 8(a).

*See id.* Courts "typically resist dismissing suits against the John Doe defendants until the plaintiff has had some opportunity for discovery to learn the identities of responsible officials." *See Davis v. Kelly*, 160 F.3d 917, 921 (2d Cir. 1998). However, the plaintiff is ultimately required to "identify each defendant by name, or else identify them as the 'John Doe Defendants' and provide sufficient factual basis to allow the defendants to successfully identify the John Doe Defendants and prepare for a defense." *See Regeda v. City of New York*, No. 09-cv-5427, 2012 WL 7157703, *8 (E.D.N.Y. Sept. 7, 2012) (citing *Barreto*, 762 F. Supp. 2d at 487). Courts have found that a sufficient factual basis can be established where the plaintiff has identified the posts to which the John Doe defendants were assigned, their presence at a specified time and place, or the grounds for liability for each respective defendant. *See Regeda*, 2012 WL 7157703, at *8. However, courts have declined to recognize such a basis where a complaint contains no information specific to the identities or actions of the John Doe defendants. *See Ritchie*, 14 F. Supp. 3d at 237-38 (citing *Gabriel Capital, L.P. v. Natwest Fin., Inc.*, 137 F. Supp. 2d 251, 269 (S.D.N.Y. 2000)).

In the present case, Plaintiff has failed to identify any John Doe Defendant by name or allege a sufficient factual basis to provide fair notice to the Defendants. Plaintiff's complaint fails to identify any specific facts that would tend to aid Defendants in identifying the officers responsible for the alleged violations of Plaintiff's rights. *See* Dkt. No. 1 at 2. Moreover, Plaintiff's allegations are not attributed to any specific Defendant. Rather, Plaintiff's complaint generally references "police officers," "officers," and "them" to describe the individuals responsible for the alleged unconstitutional actions taken against him. *See id.* at 3. In Magistrate Judge Andrew T. Baxter's March 3, 2015 Order and Report-Recommendation, Magistrate Judge Baxter noted that "[o]nce the County files an answer, plaintiff may seek to determine the identity of one or more of the John Doe defendants through discovery." *See* Dkt. No. 4 at 7. The County's

11

answer was filed on April 28, 2015. In the nearly eleven-month period since the filing of the County's answer, nothing in the record indicates that Plaintiff made any efforts to identify the John Doe Defendants. Therefore, this Court finds that Plaintiff had a reasonable opportunity to conduct discovery as to the identities of the John Doe Defendants, but has failed to do so. *See Kearse v. Lincoln Hosp.*, No. 07-cv-4730, 2009 WL 1706554, *3 (S.D.N.Y. June 17, 2009) ("Where a defendant has had ample time to identify a John Doe Defendant but gives no indication that he has made any effort to discover the [defendant's] name ... the plaintiff simply cannot continue to maintain a suit against the John Doe Defendant") (internal quotations omitted).

Based on the foregoing, Plaintiff's claims for failure to provide adequate medical care against the John Doe Defendants are dismissed without prejudice.[2]

---

[2] The Court also notes that any attempts to amend the pleadings to identify the John Doe Defendants at this stage would be futile. Section 1983 actions filed in New York are governed by a three-year statute of limitations. *See Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013). "'John Doe' pleadings cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued." *Id.* (citing *Aslandis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1078 (2d Cir. 1993).

It is well settled that lack of knowledge regarding a John Doe Defendant's identity "does not constitute a 'mistake of identity'" for the purposes of Rule 15(c)(1)(C). *See Hogan*, 738 F.3d at 518 (citing *Barrow*, 66 F.3d at 470). Therefore, the Court must assess whether Rule 15(c)(1)(A) would permit the Plaintiff to amend his complaint. Rule 15(c)(1)(A) permits an amended pleading to relate back to the date of original filing where "the law that provides the applicable statute of limitations allows relation back."

Under N.Y. C.P.L.R. § 1024, a party may make John Doe substitutions if the party meets two requirements. "First, the party must exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name . . . [s]econd, the party must describe the John Doe party in such form as will fairly apprise the party that [he] is the intended defendant." *Hogan*, 738 F.3d at 519 (internal quotations and citations omitted). Plaintiff has failed to meet the necessary requirements prior to the running of the statute of limitations. Plaintiff has not served any discovery requests to determine the identity of the John Doe Defendants, nor does his complaint contain any specific factual allegations, such as the appearance of the John Doe Defendants, to fairly apprise them that they are the intended defendants in this case. *See id.*

(continued...)

E.  **Municipal Liability**

The County and Village Defendants contend that Plaintiff's municipal liability claims should be dismissed because he fails to allege any facts to support an inference of a custom or policy of the County or Village that led to a constitutional violation. *See* Dkt. No. 24 at 8; Dkt. No. 22 at 6.

"Although municipalities are considered 'persons' for purposes of Section 1983, a local government such as [a] County . . . may not be held liable under Section 1983 unless the challenged action was performed pursuant to a municipal policy or custom." *Powers v. Gipson*, No. 04-CV-6338, 2004 WL 2123490, *2 (W.D.N.Y. Sept. 14, 2004) (citing *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694 (1978)). This is because "[m]unicipalities are not subject to Section 1983 liability solely on the basis of a *respondeat superior* theory." *Powers*, 2004 WL 2123490, at *2; *Harris v. Howard*, No. 08 Civ. 4837, 2009 WL 3682537, *2 (S.D.N.Y. Oct. 30, 2009) ("A municipality may not be held liable under Section 1983 on the basis of *respondeat superior*"). As a result, to demonstrate *Monell* liability, a plaintiff must allege a violation of constitutional rights by employees of the municipality and "(1) 'the existence of a municipal policy or custom . . . that caused his injuries beyond merely employing the misbehaving officer[s]'; and (2) 'a causal connection — an affirmative link — between the policy and the deprivation of his constitutional rights.'" *Harper v. City of New York*, 424 Fed. Appx. 36, 38 (2d Cir. 2011) (quoting *Vippolis v. Vill. Of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985)) (internal quotation marks omitted); *see also Harris*, 2009 WL 3682537, at *2 ("In order to plead a claim under 42 U.S.C. § 1983 against a

---

[2](...continued)
(holding that a party satisfied the requirements of C.P.L.R. Section 1024 where the party served multiple unanswered discovery requests to ascertain the identities of the John Doe defendants and included substantial detail in the complaint regarding the appearances of the John Does). Thus, any efforts to amend Plaintiff's complaint would be futile.

13

municipality, plaintiff must allege that a municipal policy or custom caused the deprivation of his constitutional rights"). "A plaintiff may plead a municipal policy or custom by alleging: (1) a formal policy, promulgated or adopted by the entity; or, (2) that an official with policymaking authority took action or made a specific decision which caused the alleged violation of constitutional rights; or (3) the existence of an unlawful practice by subordinate officials that was so permanent or well settled so as to constitute a 'custom or usage,' and that the practice was so widespread as to imply the constructive acquiescence of policymaking officials." *Shepherd v. Powers*, No. 11 Civ. 6860, 2012 WL 4477241, *9 (S.D.N.Y. Sept. 27, 2012) (internal quotation marks omitted).

With respect to the municipal liability of the Village Defendants, Plaintiff's November 12, 2015 affidavit to the Court alleges the following: "It is my understanding that Officer Vasiloff has a lengthy history of misconduct and excessive use of force as a result, his continued employment by the Village amounts to a Municipal policy or custom." *See* Dkt. No. 53. The Village Defendants argue that Plaintiff's affidavit to the Court "is not a permissible response under Rule 12(c) for judgment on the pleadings based on failure to state a claim," and that, even if it was, no policy or custom can be inferred from the continued employment of Officer Vasiloff because the Plaintiff does not allege that the Village was on notice of the alleged history of misconduct or excessive force. *See* Dkt. No. 54.

As an initial matter, the Court notes that Plaintiff's affidavit is a permissible response under Rule 12(c). Where, as here, a *pro se* plaintiff faces a motion to dismiss, the court is permitted to consider "materials outside the complaint to the extent they are consistent with the allegations in the complaint." *Donhauser*, 314 F. Supp. 2d at 121. Plaintiff's affidavit, though less than clear, appears to allege that the Village was deliberately indifferent to the tortious

conduct of its officers, specifically their use of excessive force, through the continued employment of Officer Vasiloff. To establish municipal liability where the allegations focus on an employee's single incident of tortious conduct, the plaintiff must allege facts indicating that "the actions of the employee in question may be said to represent the conscious choices of the municipality itself." *Amnesty Am. v. West Hartford*, 361 F.3d 113, 125-26 (2d Cir. 2004). Therefore, where the tortious act at issue was committed by lower level subordinate officers, the court's analysis of municipal liability is a "fact-driven inquiry" that "turns on the plaintiffs' ability to attribute the subordinates' conduct to the actions or omissions of higher ranking officials with policymaking authority." *Id.* at 126, 128. In such a case, municipal liability can be demonstrated by establishing that "a policymaker ordered or ratified the subordinates' actions" or that "[t]he policymaker was aware of a subordinate's unconstitutional actions, and consciously chose to ignore them, effectively ratifying the actions." *Id.*; *see also Marcano*, 38 F. Supp. 3d at 266 ("Deliberate indifference may be established by a showing that policymaking officials deliberately ignored an obvious need for supervision").

Here, Plaintiff does not allege any facts indicating that the Village was on notice of Officer's Vasiloff's alleged misconduct throughout his continued employment. While Plaintiff contends that it is his "understanding that Officer Vasiloff has a lengthy history of misconduct," Plaintiff is required to allege more than mere personal conclusions or speculations regarding Officer Vasiloff's history of misconduct. There is no basis in the facts alleged to conclude that the Village's policymakers were on notice of Vasiloff's history of misconduct, or that they failed to make a "meaningful attempt to forestall or prevent the unconstitutional conduct." *Marcano*, 38 F. Supp. 3d at 266; *see also Manville v. Town of Greece*, 892 F. Supp. 2d 469, 479 (W.D.N.Y. 2012) (holding that the plaintiff failed to establish municipal liability where the plaintiff alleged

15

excessive use of force by the defendants but submitted no evidence indicating that the municipality knew of or approved the use of excessive force).

Moreover, Plaintiff has failed to allege any facts indicating that the County's failure to provide him with adequate medical attention was the result of a policy or custom on behalf of the County. Although Plaintiff is not required to identify a formal policy that has deprived him of his rights in order to establish municipal liability, *see Diblanca v. Town of Marlborough*, No. 1:13-cv-1579, 2014 WL 2866341, *6 (N.D.N.Y. June 23, 2014), Plaintiff's only allegations in regard to the County's liability concern the County officers' refusal to provide him with necessary medical attention despite being aware of his serious injuries. While Plaintiff names three John Doe Defendants and claims that they held positions as deputies of the County, he has failed to allege that an official with policymaking authority took action against him or approved of the County officers' alleged actions. Without more, Plaintiff's assertions regarding the officers' conduct at the Justice Center are insufficient to plausibly allege a custom or policy on behalf of the County. *See Marcano v. City of Schenectady*, 38 F. Supp. 3d 238, 266 (N.D.N.Y. 2014) ("[P]roof of a single incident in a complaint, especially if it involves only actors below the policy-making level, does not suffice to show a municipal policy") (quoting *Moray v. City of Yonkers*, 924 F. Supp 8, 12 (S.D.N.Y. 1996)) (internal quotations omitted).

Based on the foregoing, the Plaintiff's claims for municipal liability against the Village and County are dismissed.

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motions for judgment on the pleadings (Dkt. Nos. 22 and 24)

are **GRANTED**; and the Court further

ORDERS that Plaintiff's claims against the County, Village and the John Doe Defendants are **DISMISSED without prejudice**; and the Court further

ORDERS that the Village's Letter Motion (Dkt. No. 37) is **DENIED**; and the Court further

ORDERS that the Village and County's cross-claims are **DISMISSED**; and the Court further

ORDERS that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.[3]

**IT IS SO ORDERED.**

Dated: March 9, 2016
      Albany, New York

*/s/ Mae A. D'Agostino*
Mae A. D'Agostino
U.S. District Judge

---

[3] As a result of this Memorandum-Decision and Order, the only remaining Defendants are Sgt. Vasiloff and Officer Barhite.