UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LANCE LAPOINT,

                         **Plaintiff,**

   vs.                                                    5:15-cv-185
                                                                (MAD/ATB)

**SGT. PETER VASILOFF, individually
and in his official capacity, and OFFICER
DALE BARHITE, individually and in his
official capacity,**

                         **Defendants.**
_____

**APPEARANCES:**                                     **OF COUNSEL:**

**OFFICE OF JOHN W. SHARON**            **JOHN W. SHARON, ESQ.**
109 South Warren Street
Syracuse, New York 13202
Attorneys for Plaintiff

**OFFICE OF FRANK W. MILLER**           **FRANK W. MILLER, ESQ.**
6575 Kirkville Road                              **CHARLES C. SPAGNOLI, ESQ.**
East Syracuse, New York 13057
Attorneys for the Village Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

      On February 19, 2015, Plaintiff Lance LaPoint ("Plaintiff") commenced this action *pro se* pursuant to 42 U.S.C. § 1983 against Sergeant Peter Vasiloff ("Vasiloff"), the East Syracuse Police Department, the Village of East Syracuse ("Village"), Onondaga County ("County"), unidentified "John Doe" Defendants, and Officer Dale Barhite, asserting that Defendants violated his constitutional rights by using excessive force and assaulting, beating and battering him, and that Onondaga County and its officers failed to provide adequate medical care for his resulting

injuries.  *See* Dkt. No. 1 at 3-4; Dkt. No. 53.

On March 9, 2016, the Court granted the Village and County's motion for judgment on the pleadings.  *See* Dkt. No. 56.  Defendants Vasiloff and Barhite, who are the only remaining Defendants, have moved to dismiss the complaint.  *See* Dkt. No. 74.  Plaintiff, who is now represented by counsel, has responded in opposition.

## II. BACKGROUND

The incident giving rise to Plaintiff's claims occurred on or about February 25, 2012, when Plaintiff "hopped a train" at a train yard in Syracuse.  *See* Dkt. No. 1 at 3.  After the conductor told Plaintiff to exit the train, Plaintiff passed through the engine area, blew the train whistle, and noticed flashing lights coming toward him.  *See id.*  According to Plaintiff, he then opened the door to the engine area to allow police officers to come through, and "immediately put [his] hands up to show [he] was cooperating." *Id.*  At this point, Plaintiff claims that "[w]hile one officer was still shining his flashlight directly in [his] face . . ., [he] was suddenly struck in the face with something very hard." *Id.*  Plaintiff fell to the floor and alleges that the officers repeatedly struck him "in and about the head and face." *Id.*  Thereafter, Plaintiff was handcuffed, picked up, pushed down the train ladder, and dragged to the police car.  *See id.*  Plaintiff alleges that he was "in a lot of pain" and bleeding from his mouth and face.  *See id.*  At this point, Plaintiff was taken to the Onondaga County Justice Center, where he was placed in a cell.  *See id.*

In their motion to dismiss, Defendants contend that Plaintiff's state-law claims fail because Plaintiff did not serve a timely notice of claim and they are barred by the applicable statute of limitations.  *See* Dkt. No. 74-3 at 4-6.  As to the section 1983 excessive force claim, Defendants argue that the complaint fails to provide any specific allegations that they engaged in this conduct.  *See id.* at 7-9.  Rather, Defendants contend that the complaint merely indicates that they

2

were "present" and, therefore, "responsible" for the alleged use of excessive force. *See id.* at 7-8.

### III. DISCUSSION

**A.      Standard of Review for Motion to Dismiss**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."

*Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[] complaint must be dismissed[,]" *id.* at 570.

Despite this recent tightening of the standard for pleading a claim, complaints by *pro se* parties continue to be accorded more deference than those filed by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted). As such, *Twombly* and *Iqbal* notwithstanding, this Court must continue to "'construe [a complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests.'" *Weixel v. Bd. of Educ.*, 287 F.3d 138, 146 (2d Cir. 2002) (quotation omitted); *Lopez v. Jet Blue Airways*, 662 F.3d 593, 596 (2d Cir. 2011) (citation omitted).

**B.     Consideration of the Police Report**

In his response to Defendants' motion to dismiss, Plaintiff attached as an exhibit the police report drafted by Defendant Barhite. *See* Dkt. No. 88 at 12. According to Plaintiff, Defendants' motion should be denied because the report clearly states that Defendants Barhite and Vasiloff "were both present and both used force on [Plaintiff]. . . ." *Id.* at 3-4. Although Plaintiff believes that the complaint sufficiently sets forth a plausible claim against both Defendants, he argues that this report cures any possible deficiency. *See id.* Defendants, however, contend that Plaintiff cannot rely on this report to defeat their motion because the report is neither mentioned in nor integral to the complaint. *See* Dkt. No. 90 at 1-2.

The court is normally confined to consider only the complaint and "any documents that

are either incorporated into the complaint by reference or attached to the complaint as exhibits" on a 12(b)(6) motion. *Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004). "Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effects, which renders the document integral to the complaint." *Chambers*, 282 F.3d at 153.

In the present matter, the Court finds that it is inappropriate to consider the police report Plaintiff attached to his response. The complaint does not mention any such report and it is not integral to the complaint. Moreover, the police report is not the type of document of which the Court may take judicial notice. The majority of authority available from this Circuit supports this result. *See Weaver v. City of New York*, No. 13-CV-20, 2014 WL 950041, *3 (E.D.N.Y. Mar. 11, 2014) (explaining that the court was "not persuaded ... that Second Circuit precedent permits consideration of an arrest report on a 12(b)(6) motion" because "mere notice or possession is not enough" and the complaint which alleged false arrest, among other things, did not "reference" the arrest report, nor was it "integral" to the plaintiff's allegations) (internal quotation marks omitted); *Fanelli v. City of New York*, No. 13-CV-1423, 2013 WL 6017904, *2 (S.D.N.Y. Nov. 1, 2013) (taking into account a desk appearance ticket, but not a police complaint on a motion to dismiss a false arrest claim, because the desk appearance ticket was "incorporated by reference into [the] plaintiff's complaint," but the "police complaint [was] not," and it was "unclear based on [the] plaintiff's allegations whether [the] plaintiff had ever seen the police complaint prior to filing [the] action"); *Peterec v. Hilliard*, No. 12-CV-3944, 2013 WL 5178328, *3 (S.D.N.Y. Sept. 16, 2013) (considering traffic tickets that the defendants submitted on a motion to dismiss a false arrest claim because they were "integral" to the plaintiff's complaint, but declining to consider the

incident report or the plaintiff's notice of claim because they were not incorporated by reference or integral to the complaint) (citations omitted); *Coggins v. County of Nassau*, No. 07-CV-3624, 2008 WL 2522501, *6 n.4 (E.D.N.Y. June 20, 2008) (holding that it was inappropriate to consider the police reports when deciding a motion to dismiss) (citations omitted).

As such, the Court will not consider the police report in deciding whether Plaintiff has set forth any plausible causes of action.

**C.     Plaintiff's State Law Claims**

In his second cause of action, Plaintiff asserts assault and battery and excessive force claims under New York State law. *See* Dkt. No. 1 at 4. In their motion, Defendants contend that these claims should be dismissed because Plaintiff does not allege that he filed a notice of claim and, even if he did, the claims are barred by the one year and ninety day statute of limitations. *See* Dkt. No. 74-3 at 4-6. In his response, Plaintiff does not address the arguments regarding his state law claims and does not contend that he filed a notice of claim.

First, the Court finds that, since Plaintiff failed to respond to this aspect of Defendants' motion, the Court finds that Plaintiff has abandoned this state law claims. *See Jackson v. Federal Exp.*, 766 F.3d 189, 194-95 (2d Cir. 2014) (holding that "a partial response arguing that summary judgment should be denied as to some claims while not mentioning others may be deemed an abandonment of the unmentioned claims" by a counseled party); *Silverman v. Household Fin. Realty Corp. of New York*, 979 F. Supp. 2d 313, 317 (E.D.N.Y. 2013) (dismissing eleven out of fifteen causes of action due to the plaintiff's failure to oppose the defendants' arguments); *Reid v. Ingerman Smith LLP*, 876 F. Supp. 2d 176, 186 (E.D.N.Y. 2012) ("This Court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed") (citing *Arma v. Buyseasons, Inc.*, 591 F. Supp. 2d 637, 643

6

(S.D.N.Y. 2008)); *Abbatiello v. Monsanto Co.*, 522 F. Supp. 2d 524, 530 (S.D.N.Y.2007).

Second, even if Plaintiff had not abandoned these claims, they are still subject to dismissal because Plaintiff failed to plead that he filed a notice of claim as required under New York law.[1] *See Kennedy v. City of Albany*, No. 1:15-cv-491, 2015 WL 6394513, *2 (N.D.N.Y. Oct. 22, 2015) (finding that the plaintiff was required to file a notice of claim as to his state law claims for assault, battery, and false arrest); *see also Reyes v.. City of New York*, 992 F. Supp. 2d 290, 300 (S.D.N.Y. 2014) (quoting *Hardy v. N.Y.C. Health & Hosp. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999)). Third, even if Plaintiff did file a notice of claim, he failed to commence this suit within one year and ninety days as required by New York General Municipal Law § 50-i. *See Kennedy*, 2015 WL 6394513, at *3. Rather, Plaintiff commenced this suit on February 19, 2015, nearly three years after the alleged incident on February 25, 2012.

Finally, in his second cause of action, Plaintiff asserts an excessive force claim under the New York State Constitution. *See* Dkt. No. 1 at 3. Since Plaintiff has remedies available pursuant to 42 U.S.C. § 1983, this claim must be dismissed. *See Krug v. Cty. of Rensselaer*, 559 F. Supp. 2d at 223, 248 (N.D.N.Y. 2008) ("[V]arious federal courts in this circuit have held that there is no private right of action under the New York State Constitution ... where remedies are available under §1983") (quoting *Clayton v. City of Poughkeepsie*, No. 06 Civ. 4881, 2007 WL 2154196, at *7 (S.D.N.Y. June 21, 2007)) (internal quotations omitted).

Based on the foregoing, the Court grants Defendants' motion to dismiss as to Plaintiff's state law causes of action.

**D.     Plaintiff's 42 U.S.C. § 1983 Claims**

   ***1. 42 U.S.C. § 1983***

---

[1] The Court notes that, in a previous filing, Plaintiff concedes that he did not file a notice of claim with the Village or the County. *See* Dkt. No. 53.

Section 1983 provides plaintiffs with a cause of action against government officials who, acting under the color of government authority, have subjected a plaintiff to "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983; *see also Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 250 (2d Cir. 2001). Section 1983 is "not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 145 n.3 (1979)). To establish a Section 1983 claim, a plaintiff must demonstrate two elements: "(1) 'the act complained of was committed by a person acting under color of state law'; and (2) 'this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Greenwich Citizens Comm. v. Counties of Warren & Washington Indus. Dev. Agency*, 77 F.3d 26, 29-30 (2d Cir. 1996) (quoting *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)).

### *2. Personal Involvement*

In their motion, Defendants contend that, "[a]lthough Plaintiff alleges a claim of excessive force against Defendants Barhite and Vasiloff, he fails to provide any specific allegations of the use of excessive force by them." Dkt. No. 74-3 at 7. Defendants argue that Plaintiff "has done no more in his Complaint than assert they are liable to him for excessive force, which is a 'mere conclusory statement.'" *Id.* Plaintiff, however, contends that his complaint satisfies the pleading requirements. *See* Dkt. No. 88 at 2. Plaintiff argues that in cases involving police misconduct, the defendants "are necessarily in control of most of the facts at the beginning of a case. Clarification of the facts by and for the Plaintiff will necessarily rely on the discovery process to obtain documents, reports, photos, medical reports, testimony and possibly the assistance of an

8

expert witness regarding the alleged assault." *Id.* at 3. Further, relying on the police report attached to his response, Plaintiff contends that they both used force against Plaintiff, thereby satisfying his pleading requirements. *See id.* at 3-4.

Section 1983 imposes liability for "conduct which 'subjects, or causes to be subjected' the complainant to a deprivation of a right secured by the Constitution and laws." *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976) (quoting 42 U.S.C. § 1983). Not only must the conduct deprive the plaintiff of rights and privileges secured by the Constitution, but the actions or omissions attributable to each defendant must be the proximate cause of the injuries and consequent damages that the plaintiff sustained. *See Brown v. Coughlin*, 758 F. Supp. 876, 881 (S.D.N.Y. 1991) (citing *Martinez v. California*, 444 U.S. 277, 100 S. Ct. 553, 62 L. Ed. 2d 481, *reh. denied*, 445 U.S. 920, 100 S. Ct. 1285, 63 L. Ed. 2d 606 (1980)). As such, for a plaintiff to recover in a Section 1983 action, he must establish a causal connection between the acts or omissions of each defendant and any injury or damages he suffered as a result of those acts or omissions. *See id.* (citing *Givhan v. Western Line Consolidated School District*, 439 U.S. 410, 99 S. Ct. 693, 58 L. Ed. 2d 619 (1979)) (other citation omitted). Personal involvement for the purposes of a Section 1983 excessive force claim can be shown where a police officer directly participates in an assault, or was present during the assault with reasonable opportunity to intercede on plaintiff's behalf yet failed to do so. *See Younger v. City of New York*, 480 F. Supp. 2d 723, 732 (S.D.N.Y. 2007) (citations omitted).

In the present matter, the Court finds that Plaintiff's *pro se* complaint plausibly alleges that Defendants Barhite and Vasiloff used excessive force in effecting Plaintiff's arrest. Defendants Barhite and Vasiloff are the only two individuals specifically named in the complaint. Plaintiff alleges that the "officers began repeatedly striking me in and about the head and face" despite his

9

alleged cooperation with the officers. Given the special solicitude afforded to *pro se* plaintiffs, the Court finds that these allegations are sufficient to withstand Defendants' motion to dismiss. *See De Michele v. City of New York*, No. 09 Civ. 9334, 2012 WL 4354763, *16-*17 (S.D.N.Y. Sept. 24, 2012). Plaintiff's failure to identify each Defendants specific actions is further explained by the fact that Plaintiff contends that he was unable to see because "one officer was still shining his flashlight directly in my face causing me to be unable to see[.]" Dkt. No. 1 at 3. It was at this point that Plaintiff was first "struck in the face with something very hard" causing his eyes to become blurry. *Id.* Accordingly, the Court finds that Plaintiff has plausibly alleged the personal involvement of the only two named police officers (Defendants Barhite and Vasiloff) in the alleged unconstitutional conduct. *See Snoussi v. Bivona*, No. 05-cv-3133, 2010 WL 3924255, *3 (E.D.N.Y. Feb. 17, 2010) ("As to plaintiff's purported failure to specifically allege who did what to him, such specific allegations would be implausible here: taking plaintiff's allegations as true, it would be hard to see who did what and who was where when someone has a boot thrust into your neck as you lie naked and handcuffed on the floor of your home").

Based on the foregoing, the Court denies Defendants' motion to dismiss.[2]

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the

---

[2] The Court notes that Plaintiff did name three "John Doe" Defendants in his complaint. These John Doe Defendants, who were previously dismissed from this action, were identified in the complaint only as deputies with the Onondaga County Sheriff's Department. *See* Dkt. No. 1 at 2. In a *pro se* affidavit submitted to the Court on November 12, 2015, Plaintiff clarified that he does "not contest that the County or its officers used excessive force, only that they failed to provide me with adequate medical attention once I was delivered to the Justice Center." Dkt. No. 53. Plaintiff also clarified that he is only claiming that Defendants Barhite and Vasiloff are the only individuals accused of using excessive force against Plaintiff. Since Plaintiff was proceeding *pro se* when he submitted the November 12, 2015 affidavit, it was properly considered by the Court in deciding the Village and County's motions for judgment on the pleadings. *See Tsai v. Rockefeller Univ.*, 137 F. Supp. 2d 276, 280 (S.D.N.Y. 2001) (citing *Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987)) (other citation omitted).

applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motion to dismiss (Dkt. No. 74) is **GRANTED in part and DENIED in part**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.[3]

**IT IS SO ORDERED.**

Dated: March 13, 2017
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge

---

[3] As a result of this Memorandum-Decision and Order, Plaintiff's excessive force claim against Defendants Barhite and Vasiloff is the only remaining claim.